

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-10,625-17

### EX PARTE GARY REED WALP, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W80-11573-L (J) IN CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated rape and sentenced to imprisonment for thirty-five years.

Applicant contends that his mandatory supervision release date is not being calculated properly and that he was denied due process in his parole revocation hearing. We remanded this application because it was forwarded before the trial court made findings of fact and conclusions of law.

On remand, the trial court found that Applicant failed to present evidence that he exhausted

his administrative remedies under Government Code § 501.0081 and that he received minimum due process before his parole revoked. We remanded the application again because, according to the record, Applicant received a response from the time credit resolution system, dated October 3, 2016, stating that he would not be eligible for another review until July 23, 2014.

On remand, the trial court found that Applicant's mandatory supervision date was being properly calculated. The trial court also repeated that Applicant received minimum due process before his parole was revoked. We believe that the record should be further developed.

The trial court shall order a representative from the Board of Pardons and Paroles to file an affidavit stating whether an analyst's evaluation was prepared in his case,[1] and if so, whether this evaluation was disclosed to Applicant before his parole was revoked and he had an opportunity to confront and question the analyst who prepared this evaluation.

The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether Applicant's due process rights were violated because the evaluation was not disclosed to Applicant before his parole was revoked and he was denied the opportunity to confront and question the analyst who prepared this evaluation. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

---

[1] According to the revocation report, a "Title Analyst" named Richard A. Aiello voted to revoke Applicant's parole.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 13, 2018
Do not publish